S. H. MATTISON *vs.* SUMNER W. FARNHAM and others.

44 95<br>45 486

July 17, 1890.

**Partnership—Death of Partner—Business continued by Executors and Survivor—Liability of Executors.**—Where the executor of a deceased partner, in compliance with directions in the testator's will, continues the partnership business with the surviving partner, with the testator's assets, and for the benefit of the estate, he does not thereby become personally liable for debts contracted by the firm during the life of the deceased partner; nor does the fact of his so continuing the business give the surviving partner any implied authority to bind him for such debts.

Action on two promissory notes, one for $8,000, bearing date September 10, 1887, and one for $5,000, bearing date December 10, 1887, both payable to plaintiff, and signed "Farnham & Lovejoy," the name of a firm composed of defendant Farnham and one James A. Lovejoy, and dissolved by the latter's death on January 29, 1886. The defendants Young, Howe, and Merriman are the executors of Lovejoy's will, and plaintiff seeks to charge them personally, as partners with Farnham, upon the facts stated in the opinion. At the trial, in the district court for Hennepin county, before *Rea*, J., the court ordered a dismissal as to the defendants executors. The plaintiff appeals from an order refusing a new trial.

*J. M. Shaw, W. A. Lancester,* and *M. H. Boutelle,* for appellant.

*Miller, Young & Akers,* for respondents.

MITCHELL, J. Conceding, for the sake of argument, that there was evidence tending to prove that the executors of James A. Lovejoy, the deceased member of the partnership of " Farnham & Lovejoy," had so acted with reference to the continuance of the partnership business that they became partners therein with S. W. Farnham, the surviving member of the firm; and conceding the law to be that they thereby incurred the personal and unlimited liability of partners for all debts contracted after the death of their testator, still plaintiff failed to make out a cause of action against them; and the action was properly dismissed. The notes sued on were executed by S. W.

Farnham, the surviving partner, in the name of the firm, in renewal of notes given by Farnham & Lovejoy in the lifetime of Lovejoy, or at least for an indebtedness of the firm contracted in his lifetime; and there is not a particle of evidence that these notes were executed by Farnham by the authority or even with the knowledge of the executors, or that in entering the firm as partners, if they ever did, they assumed the existing liabilities of the partnership. The law probably is that an executor of a deceased partner, who engages in and continues the partnership business, with the testator's assets, with the surviving partner, will be liable personally for debts contracted in the business during such continuance of it, although he does it as executor, and in compliance with directions in the testator's will, for the benefit of the estate. This rule is so severe that it has been changed in some states by statute. It grows out of the fact that the law insists on a personal and unlimited liability as the essential characteristic of a partner, and, from the supposed necessities of the case, it takes the executor as the substitute of the deceased. But it was never heard that an executor, in thus assuming the relation and responsibilities of a partner, by continuing the partnership business of his testator, assumed or became personally liable for debts contracted by the firm during the life of the decedent. The manifest injustice and unreasonableness of such a proposition is its most complete refutation. Where an executor thus engages in carrying on the business, it is usually spoken of as a continuance of the partnership; but it is incorrect to so term it. It is necessarily the creation of a new partnership, in which the executor takes the place of the deceased partner; and it is elementary law that a person becoming a member of an existing firm, or forming a partnership with another in the latter's existing business, does not thereby become liable for the debts already incurred, nor does the new firm become liable for them. An agreement, express or implied, is necessary to create such liability, not only between the creditors and the new firm, but also between the partners. The presumption is against the assumption of such liability, and the burden to prove it is upon him who asserts it; and if such is the presumption in the case of one entering a firm for his own personal profit, it should obtain with

increased force in the case of an executor who becomes a member solely for the benefit of the estate of his testator. It is no answer to say, as does the plaintiff, that, defendants having become partners with Farnham, " the act of any one of them within the scope of the partnership business was the act of all;" for giving the obligations of the firm for other than partnership debts was not within the scope of the partnership business. Neither is it important that in his will Lovejoy gave his executors authority to join with Farnham in the execution of notes or other contracts for renewing and continuing any firm indebtedness existing at the time of his decease. They certainly were not bound to do so, and the fact that they might have seen fit to unite with him in continuing the business gave him no implied authority to bind them for existing indebtedness of the old firm.

Order affirmed.